## Munhall, Appellant, *v.* Wiemann.

*Partnership—Oral agreement—Fraud—Evidence.*

Where a partnership agreement provides that one of the partners shall assign to the firm certain patents and future improvements thereon, but subsequently this agreement is canceled, and another agreement in writing is entered into which contains no reference to future improvements, but it is alleged that an oral agreement was

made that such improvements were to be contributed, and that such oral agreement was omitted in the writing through the fraud of the partner who contributed the patents, such allegation cannot be sustained where it is positively denied and the proof of fraud entirely fails.

Argued Nov. 4, 1909.   Appeal, No. 213, Oct. T., 1909, by plaintiff, from decree of C. P. No. 4, Allegheny Co., Second Term, 1909, No. 560, dismissing bill in equity in case of Albert C. Munhall v. William P. Wiemann.   Before FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.   Affirmed.

Bill in equity for an injunction.   Before COHEN, J.
The opinion of the Supreme Court states the case.

*Error assigned* was decree dismissing the bill.

*Charles W. Reamer,* with him *Blakeley & Calvert,* for appellant.

*Robert H. Leitch,* for appellee.

PER CURIAM, January 3, 1910:
The substance of the plaintiff's bill is that in 1906 he entered into partnership with the defendant for the purpose of manufacturing a mechanical device for purifying water in boilers of which the defendant was inventor and patentee.   That in pursuance of the agreement the defendant assigned to the partnership the patent he had obtained, and subsequently assigned to it two improvements he had invented and patented.   That in 1908 the parties by agreement in writing canceled the articles of partnership and entered into a new agreement of partnership which contained no stipulation in regard to future improvements, but that there was an oral agreement that such improvements should become the property of the partnership, which was omitted from the writing through the fraud of the defendant.   That at the time the new agreement was made, the defendant had invented an improvement on the device, for which he afterwards obtained a patent, and had ex-

pended the money of the partnership in advertising it and in constructing machinery for its manufacture; and that the defendant had refused to assign the patent for the improvement to the partnership and was about to assign it to others.

It was provided in the first agreement that the defendant should assign the patent he then owned to the partnership absolutely, and that he should assign to it all that he afterwards obtained for a period coextensive with the period for which the partnership was to continue. The second agreement contained a recital of the formation of the partnership under the first agreement; the carrying on of business by it; that its assets consisted with other property of the three patents that had been assigned by the defendant; that the parties were dissatisfied with the agreement and desired to abrogate and cancel it and "to make and enter into a new and different agreement in writing, wherein and whereby their rights, duties and liabilities to and between each other as such copartners shall be stipulated." The second agreement provided for the carrying on of the business under the patents that had been assigned. It was silent as to patents that should be taken out in the future by the defendant. The evident purpose of the second agreement was to relieve the defendant from the obligation imposed by the first to assign patents afterwards obtained.

There was a denial by the answer that any oral agreement had been made and that anything had been omitted from the second agreement, that the defendant had invented the device he afterwards patented before the second agreement was made, and that any money of the partnership had been expended upon it, and that the device patented was intended to correct imperfections or improve the device the patents for which had been assigned to the partnership. In brief, there was a distinct denial of every material allegation in the bill. At the hearing all of the charges of fraud were withdrawn, and no proofs were offered that would sustain any of the plaintiff's allegations. There was no charge of a constructive fraud because of the violation of a fiduciary relation between partners, nor was there any proof that the patent obtained after the

date of the second agreement was for an improvement on the device that the partnership was manufacturing. The charges having failed, there was nothing left on which the bill could be sustained.

The decree is affirmed at the cost of the appellant.